## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

LOGAN RILEY                    )
        Plaintiff            )
                             )          Civil Action No. 1:22-cv-11225
v.                             )
                             )
                             )
TOWN OF WESTPORT,              )
JEFFREY MAJEWSKI               )
        Defendants            )

---

## CIVIL COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

---

## A. Introduction

1. On or about September 5, 2019, Defendant Westport Police Detective Jeffrey Majewski charged Plaintiff Logan Riley in a criminal complaint application with Open and Gross Lewdness, Massachusetts General Laws c. 272 § 16, Reckless Endangerment of a Child, G.L. c. 265 § 13L, and Improper Storage of a Firearm, G.L. c. 140 § 131L.   This resulted in the issuance of criminal complaint No. 1932CR004014 in the Fall River District Court.  The complaint only issued due to false and misleading statements made by Defendant Majewski in his application for a criminal complaint and supporting documents.   Plaintiff Riley was innocent of these offenses and all charges have since been dismissed.

## B. Jurisdiction

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Federal jurisdiction exists over all federal claims under 28 U.S.C. § 1331 and § 1343.   The plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear claims arising under G.L. c. 12 § 11 and Massachusetts tort law.

## C. Parties

3. Plaintiff, Logan Riley, is and was, at all times, a resident of the Town of Westport.

4. Defendant Town of Westport is a municipality located in Bristol County, MA, and at all relevant times, the employer of defendant Majewski

5. Defendant, retired Detective Jeffrey Majewski, was at all relevant times, a detective at the Westport Police Department, 56 Hix Bridge Road, Westport, MA 02790, working for the Town of Westport in Bristol County, and all actions taken by defendant Majewski in connection to the instant complaint were done under the color of law and within the Commonwealth of Massachusetts.

## D. Factual Allegations

6. Mr. Riley is a 37-year-old man who resides in the Town of Westport.  He is the father of two minor children, both girls.

7. In August 2019, a 51A report with the Department of Children and Families (DCF) was initiated against Mr. Riley as a result of a report made by the therapist of Mr. Riley's ex-wife Erin Horgan.

8. The report alleged that Mr. Riley had been nude in front of their children on two occasions.

9. Because of the therapist's 51A report, a Sexual Assault Investigation Network (S.A.I.N.) interview was conducted by law enforcement officials.  This interview was video recorded.

10. During the S.A.I.N. interview, one of Mr. Riley's daughters was asked whether during these incidents if Mr. Riley had touched his genitals, to which she said yes and made a hand gesture consistent with scratching oneself.

11. Following the S.A.I.N. interview, Defendant Majewski sought and obtained a search warrant for Mr. Riley's residence.

12. Defendant Majewski drafted a police report that was later filed in support of a criminal complaint against Mr. Riley.

13. Mr. Riley possessed 2 gun safes.  One of them was made of wood with a glass front that stood approximately 6 feet high, and one was made of metal.  The keys to the safes were hidden behind a picture on top of the wooden gun safe.

14. While executing the search warrant at Mr. Riley's home, Defendant Majewski manipulated the cabinet doors to create a gap between the door and cabinet frame.

15. On or about September 5, 2019, Defendant Majewski drafted a police report that was submitted in support of his application for criminal complaint against Mr. Riley in the Fall River District Court.  In his criminal complaint application Defendant Majewski sought 2 charges of Open and Gross Lewdness, G.L. c. 272 § 16, 2 charges of Reckless Endangerment of a Child, 265 § 13L, and 9 charges for Improper Storage of a Firearm, G.L. c. 140 § 131L.

16. A copy of the S.A.I.N. interview was not included with the criminal complaint application.

17. In the police report that Defendant Majewski submitted in support of his criminal complaint application, Defendant Majewski falsely described the statements made by Mr. Riley's daughters in the S.A.I.N. interview by claiming that Mr. Riley's daughter had described him as committing an act "resembl[ing] masturbation" in front of his daughters.

18. In the police report that Defendant Majewski submitted in support of his criminal complaint application, Defendant Majewski falsely described the extent to which the door to Mr. Riley's gun safe could open without being unlocked, and falsely characterized these safes as being insufficient to satisfy firearm's storage laws.

19. The false statements in Defendant Majewski's police report created the false impression that probable cause existed as to the criminal charges he sought against Mr. Riley.  These false statements caused criminal complaint No. 1932CR004014 to issue against Mr. Riley in Fall River District Court.

20. Mr. Riley was innocent of all charges in the criminal complaint.

21. As a result of the issuance of the criminal complaint issuing against Mr. Riley, Mr. Riley was arrested.

22. As a result of the issuance of the criminal complaint issuing against Mr. Riley, Mr. Riley's license to carry firearms was suspended.

23. As a result of the issuance of the criminal complaint issuing against Mr. Riley, Mr. Riley was unable to carry out his duties as a correctional officer, which required him to carry a firearm during transport of state prison inmates.  Mr. Riley was detached with pay and bypassed from promotion from his job with the Department of Correction.

24. Following the Bristol County District Attorney's Office review of the S.A.I.N. interview, on February 26, 2020, it dismissed the charges of Open and Gross Lewdness, G.L. c. 272 § 16, and Reckless Endangerment of a Child, 265 § 13L of Fall River District Court No. 1932CR004014.

25. On February 24, 2021, the remaining 9 charges of Improper Storage of a Firearm, G.L. c. 140 § 131L in Fall River District Court No. 1932CR004014 were dismissed.

26. As a direct and proximate result of the defendants' actions Mr. Riley was subject to arrest and prosecution for crimes that he did not commit.  Mr. Riley suffered the loss of his Constitutional rights and the embarrassment, humiliation and distress associated with his arrest and prosecution for charges as to which he was innocent.

27. As a direct and proximate result of the defendants' actions, Mr. Riley was detached with pay and bypassed from promotion at his job as a correctional officer and suffered an irreparable loss of advancement opportunities.

28. As a direct and proximate result of the defendants' unconstitutional actions as described above, Mr. Riley suffered restriction of his personal freedom, parental rights, mental anguish, emotional distress, humiliation, and injury to his reputation.  The mental and emotional anguish was significant, and interfered with Mr. Riley's sleep, appetite, and manifested itself in other physical symptoms including shaking, nausea, a racing heart, difficulty sleeping, and gastrointestinal problems.  The open charges prevented Mr. Riley form crossing the border into Canada, where his wife resided and therefore deprived him of the ability to spend significant periods of time with her.

29. As a direct and proximate result of defendants' actions described above, Mr. Riley suffered severe anxiety, depression, and other mental anguish from the stigma of the offenses he was wrongfully charged with.

## Count I:  42 U.S.C. § 1983, False Arrest

### (Defendant Jeffrey Majewski)

30. The above paragraphs are incorporated by reference.

31. Defendant Majewski caused Mr. Riley's arrest without probable cause.

32. Defendant Majewski deprived Mr. Riley of his clearly established and well-settled rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizure of his person.

33. Defendant Majewski acted with knowing or reckless disregard of Mr. Riley's constitutional rights.

34. As a direct and proximate result of defendant's actions, Mr. Riley suffered the damages described above.

## Count II: 42 U.S.C. § 1983, Malicious Prosecution

### (Defendant Jeffrey Majewski)

35. The above paragraphs are incorporated by reference.

36. When Mr. Riley was arrested, Defendant Majewski lacked probable cause to believe Mr. Riley had committed the crimes he was charged with.

37. Nevertheless, Defendant Majewski commenced or caused to be commenced a criminal prosecution in the Fall River District Court, instituted with malice and without probable cause against Mr. Riley.

38. Criminal complaint No. 1932CR004014 ultimately terminated in Mr. Riley's favor when the case was dismissed.

39. Defendant Majewski conduct violated Mr. Riley's clearly established rights under the Fourth Amendment and the procedural due process component of the Fourteenth Amendment.

40. As a direct and proximate result of Defendant Majewski's actions, Mr. Riley was prosecuted for a crime he did not commit. He suffered the injuries and damages as set forth above.

## Count III: 42 U.S.C. § 1983, Duty to Investigate

### (Defendant Jeffrey Majewski)

41. The above paragraphs are incorporated by reference.

42. When Defendant Majewski looked into the allegations raised against Mr. Riley, there were numerous potential witnesses with relevant information as well as ongoing related DCF proceedings.  Defendant Majewski did not adequately explore or look into these sources of information, and consequently, failed to conduct an adequate investigation into the matter for which he charged Mr. Riley. Had such an investigation occurred, Defendant Majewski would have known that Mr. Riley had not committed the criminal offenses for which he was charged.

43. Nevertheless, Defendant Majewski commenced or caused to be commenced a criminal prosecution in the Fall River District Court, instituted with malice and without probable cause against Mr. Riley.

44. Criminal complaint No. 1901CR1484 ultimately terminated in Mr. Riley's favor on December 10, 2019, when the case was dismissed.

45. Defendant Majewski's conduct in failing to properly investigate the matter violated Mr. Riley's clearly established rights under the Fourth Amendment and the procedural due process component of the Fourteenth Amendment.

46. As a direct and proximate result of Defendant Majewski 's actions, Mr. Riley was prosecuted for a crime he did not commit. He suffered the injuries and damages as set forth above.

## Count IV: Claim under Massachusetts Law for False Arrest

### (Defendant Jeffrey Majewski)

47. The above paragraphs are incorporated by reference.

48. Defendant Majewski committed the common law tort of false arrest by causing the arrest of Mr. Riley without probable cause.

49. As a direct and proximate result, Mr. Riley suffered the damages described above.

## Count V: Claim under Massachusetts Law for Malicious Prosecution

### (Defendant Jeffrey Majewski)

50. The above paragraphs are incorporated by reference.

51. Defendant Majewski caused criminal charges to be brought and continued against Mr. Riley without probable cause and with malice.

52. The criminal action ultimately terminated in Mr. Riley's favor when the case was dismissed.

53. As a direct and proximate result of Defendant Majewski's actions, Mr. Riley suffered the damages described above.

## Count VI : Intentional Infliction Of Emotional Distress

### (Defendant Jeffrey Majewski)

54. The above paragraphs are incorporated by reference.

55. In doing the acts alleged above, Defendant Majewski intentionally or recklessly caused infliction of emotional distress upon Mr. Riley when he acted with either the desire or knowledge to a substantial degree of certainty that significant emotional distress would result from his conduct.

56. The conduct of Defendant Majewski, as alleged above, was extreme and outrageous, beyond all bounds of decency, and intolerable in a civilized society. At issue is conduct either designed or reasonably anticipated to harm Mr. Riley,

which evinces improper illegal, unethical, oppressive, unscrupulous, and/or otherwise unconscionable conduct.

57. The conduct of Defendant Majewski directly and proximately caused Mr. Riley to suffer, and from which he continues to suffer, significant emotional distress, trauma, shock, anxiety, humiliation, embarrassment, fear, and terror.

## Count VII – Negligence

### (Defendant Town of Westport)

58. The above paragraphs are incorporated by reference.

59. Defendant owed a duty of care to Mr. Riley to act reasonably in his arrest and initiation of prosecution of Mr. Riley and in the reporting of the events that occurred.

60. Defendant breached the duty of care owed to Mr. Riley by committing the acts described above.

61. As a direct and proximate result of Defendant's actions, Mr. Riley suffered the injuries and damages set forth above.

## Count VIII: Negligent Infliction of Emotional Distress

### (Defendant Town of Westport)

62. The above paragraphs are incorporated by reference.

63. The conduct of the Defendant proximately caused Mr. Riley to suffer significant emotional distress, trauma, shock, anxiety, humiliation, embarrassment, fear, and terror, demonstrated by objectively physical manifestations.

64. Any reasonable person subjected to the Defendant's behavior, as detailed above, would have also suffered severe emotional distress under the circumstances.

**WHEREFORE,** the plaintiff requests that this Court:

1.      Award compensatory damages;

2.      Award punitive damages against the Defendant;

3.      Award the costs of this action, including reasonable attorney's fees; and

4.      Award such other further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

A jury trial is hereby demanded.

Respectfully Submitted,

**Logan Riley**

By his attorney,

*/s/ Jason Benzaken*

_____
Jason Benzaken, Esq.
BBO # 658869
Benzaken, Maguire, Sheehan & Wood, LLP
1342 Belmont Street
Brockton, MA 02301
Tel No:  (508) 897-0001
 Fax No: (508) 587-5455
*attorneybenzaken@gmail.com*

Date:  July 29, 2022